IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM PRESTON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | CA 1:11-00322-CG-C |
| GREGORY NOLAN SMITH, et al., | : | |
| Defendants. | : | |

## ORDER

The parties have filed a joint motion (Doc. 30) to amend the scheduling order (Doc. 21), as amended by the Court's May 17, 2012 Order (Doc. 25), to extend the discovery completion deadline by one month, to August 9, 2012.  For the reasons set forth below, the parties' joint motion is **DENIED**.

The sole basis the parties have provided to justify the requested extension is that the Court's May 17, 2012 Order extends the deadlines to disclose and depose experts past July 9, 2012, the discovery cutoff provided in the original scheduling order.  (*See* Doc. 30, ¶ 3.)  The May 17, 2012 Order, however, merely granted the parties the specific relief they requested in their May 16, 2012 Motion (Doc. 24).  That motion dealt solely with experts, and the parties did not request an extension of time to complete non-expert discovery.  Thus, because the parties have not made a showing that—and the undersigned will not speculate whether—the requisite good cause exists to justify extension of the July 9, 2012 Discovery Cutoff, the motion is due to be denied.[1]

---

[1]   Because a Rule 16(b) Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril[,]" *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (internal quotations and citations

The parties, of course, may agree to pursue discovery outside the cutoff so long as they otherwise comply with the requirements of the scheduling order.[2]  They, however, lose the willingness of this Court, absent exceptional circumstances, to referee any discovery disputes that may arise.

**DONE and ORDERED** this the 5th day of July, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

omitted), a party requesting modification to one must first make a showing of good cause pursuant to Rule 16(b), see *United States ex rel. Walker v. R & F Props. of Lake County, Inc.*, No. 5:02-CV-131-OC-10GRJ, 2008 WL 976786, at *2 (M.D. Fla. Apr. 9, 2008) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (the Rule 16(b) good cause standard "precludes modification unless the schedule cannot 'be met ***despite the diligence*** of the party seeking the extension.'") (quoting FED. R. CIV. P. 16, advisory committee's note) (emphasis added)).  If the Court "finds that the [moving] party[ies] lacked due diligence, then the inquiry into good cause is ended."  *Id.* (citing *Pioneer Int'l (USA), Inc. v. Reid*, No. 2:07-cv-84-FtM-34DNF, 2007 WL 4365637, *2 (M.D. Fla. Dec. 12, 2007)).

[2]   One requirement is the dispositive motions deadline, which remains ***July 30, 2012***.  (*See* Doc. 21, ¶ 12.)